THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMERCE WEST INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE S. ALLEN, an individual in his personal capacity; and MARY ROE, and individual,<br><br>　　　　　Defendants. | No.: 3:18-cv-05828-RJB<br><br>DEFENDANT GEORGE S. ALLEN'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS<br><br>NOTED: JANUARY 4, 2019<br><br>WITHOUT ORAL ARGUMENT |

## I.   INTRODUCTION

In Defendant George S. Allen's (Dr. Allen) Motion to Stay Proceedings, Dr. Allen identified the factors this Court should consider in determining whether a stay is appropriate, and provided support showing that the facts in the instant action weigh in favor of granting a stay. If this Court moves forward with the declaratory judgment action, it will be required to make findings of fact that have not yet been established and would prejudice Dr. Allen in the underlying actions. Therefore, this Court should grant Dr. Allen's Motion to Stay Proceedings.

## II.   ARGUMENT

**A. Because Facts Have Not Been Established In Separate Proceedings Showing That Dr. Allen Committed The Alleged Acts, The Inference Of Intent To Injure Under *Rodriguez* And *Blakeslee* Does Not Apply.**

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY　　Page 1
PROCEEDINGS

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

As a general rule, an insurer may not maintain a declaratory judgment action against an insured that would require the court to make findings of fact that have not been uncontrovertibly established in prior proceedings. *N. Pac. Ins. Co. v. Wilson's Distrib. Serv.*, 138 Or. App. 166, 174, 908 P.2d 827 (1995); *see also Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wn.2d 903, 169 P.3d 1, 7-8 (2007) (an insurer may defend under a reservation of rights while seeking a declaratory judgment, but it must avoid seeking adjudication of factual matters disputed in the underlying litigation, because advocating a position adverse to its insured's interests would constitute bad faith on its part). That is, an insurer cannot avoid its duty to defend by developing facts in a coverage action, which are material and disputed in the underlying action, while the underlying action is pending. *Id.*

To resolve this declaratory judgment action, in which Commerce West seeks to foreclose both its duty to defend *and* its duty to indemnify Dr. Allen, the Court must make findings of fact on a number of material issues that are disputed in the underlying litigation, including whether or not Dr. Allen committed the acts alleged in the underlying litigation, whether he did so in his personal or professional capacity, whether he did so intentionally, whether the alleged contact was sexual in nature, or whether he intended the harm alleged. None of these facts have been established in any proceeding, and all are material to and disputed in the underlying action.

Commerce West only addresses the intent to harm issue in its Response to Dr. Allen's Motion to Stay, and cites *Rodriguez v. Williams*, 107 Wn.2d 381, 729 P.2d 627, (1986) in support of its argument that a mere allegation of sexual abuse triggers an inference of intent to harm that this Court may rely upon for purposes of summary judgment. However, the *Rodriguez* court reached the question of whether an act is intentional only after it had been established through separate proceedings that the act itself actually occurred. In contrast to the facts in *Rodriguez*, no such facts have been established against or admitted by Dr. Allen.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS — Page 2

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

This Court is not obligated to draw an inference of intent to injure based on the underlying allegations against Dr. Allen. In *Rodriguez*, the insured had already been tried and convicted of sexually abusing his stepdaughter, and the Washington Supreme Court found that an intent to injure could be inferred from this conviction. *Rodriguez*, 729 P.2d at 630. The court found that once the act of sexual abuse had been established by criminal conviction an inference of intended harm arose, which could be relied upon in evaluating the application of an exclusion in the insurance policy at issue. *Id.* at 629, 630-31.

Commerce West also relies upon *Std. Fire Ins. Co. v. Blakeslee*, 54 Wn. App. 1, 4-5, 771 P.2d 1172, 1174. However, *Blakeslee* involved an insured who had previously pled guilty to sexual assault, thereby establishing that he had committed the act giving rise to the inference of intent. *Blakeslee*, 771 P.2d at 1173. In both *Rodriguez* and *Blakeslee*, the insureds had already been convicted or pled guilty in criminal proceedings, establishing that they had in fact committed acts constituting sexual abuse. These circumstances do not apply to Dr. Allen.

In order to grant the relief that Commerce West seeks in this action, especially with regard to any duty to indemnify, this Court would have to find that Dr. Allen committed the acts alleged, and did so with the intent to cause the resulting injury. Furthermore, the Court would have to make that finding without the benefit of the *Rodriguez* inference, because there is no conviction or guilty plea upon which to base such an inference. There is no question that such a finding of fact by the Court would be prejudicial to Dr. Allen in the underlying litigation.

Facts related to the relief that Commerce West seeks in this declaratory judgment action have not been established in separate proceedings, are material and disputed in the underlying litigation, and any findings of fact on these issues by the Court would be prejudicial to Dr. Allen in the underlying action. Dr. Allen's Motion to Stay Proceedings should be granted accordingly.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS    Page 3

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

### B. This Court Has Previously Held That Where A Declaratory Relief Action Requires Determination Of Facts Central To An Underlying Claim, Continuing With The Action Would Significantly Prejudice The Insured.

In *Oregon Mutual Ins. Co. v. Ham & Rye, LLC*, 2010 U.S. Dist. LEXIS 70774 (W.D. Wash. July 14, 2010), this Court recognized that an insurer's interests in proceeding with an action for declaratory relief are outweighed by the significant risk of prejudice to the insured in underlying state court proceedings if this Court were to make factual determinations related to coverage. *Id.* at *10-11. This Court also noted that resolution of the facts in the underlying actions promotes the orderly course of justice. *Id.* at *11. This Court's reasoning in *Ham & Rye* is consistent with the reasoning of other trial courts in this District that have considered the issue, continues to be persuasive, and applies equally to Dr. Allen's request to stay these proceedings. *See also, St. Paul Fire & Marine Ins. Co. v. City of SeaTac*, 2016 U.S. Dist. LEXIS 189048, (W.D. Wash. Nov. 3, 2016); *Federal Ins. Co. v. Holmes Weddle & Barcott PC*, 2014 U.S. Dist. LEXIS 12456 (W.D. Wash. Jan. 31, 2014); *see also, Dan Paulson, supra.*

The issue in *Ham & Rye* was whether the insured was aware of certain construction defects and a potential claim prior to the effective date of the policy. *Ham & Rye*, 2010 U.S. Dist. LEXIS at *4. The insured asked for a stay of the insurer's declaratory judgment action, arguing that its knowledge of construction defects was a material issue being litigated in the underlying actions. *Id.* at *5. This Court determined that there was a significant risk of prejudice to the insured, and that it would necessarily have to make determinations of fact, if it were to continue with the declaratory action. *Id.* at *10-11. This Court granted the requested stay accordingly. *Id.* at *11.

As in *Ham & Rye*, the instant case involves a declaratory action that would litigate the same or similar issues as the two underlying actions facing the insured. Commerce West's declaratory judgment action requires a determination on whether Dr. Allen committed acts that

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS    Page 4

MALONEY | LAUERSDORF | REINER pc
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

would be excluded from coverage – acts that would be litigated in both underlying state court actions. Just as this Court found in *Ham & Rye* that continuing with the declaratory action would significantly prejudice the insured, here this Court should find that continuing with the declaratory action would significantly prejudice Dr. Allen in the underlying actions.

Commerce West attempts to distinguish *Holmes Weddle* on the basis that *Holmes Weddle* involved a malpractice insurer and professional liability coverage. *Ham & Rye* did not involve a malpractice insurer or professional liability coverage, however, and the same reasoning applied. This is also true of the *City of SeaTac* ruling, as well as *Dan Paulson*, neither of which involved a malpractice insurer or professional liability coverage.

In deciding whether or not to stay declaratory judgment proceedings in the insurance coverage context, courts in this District have consistently applied the factors set forth in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), with an emphasis on the interests to be protected in the insurer-insured relationship as explained in *Dan Paulson*. The fact that Commerce West is a personal homeowners insurer does not change the analysis, and the fact that Dr. Allen will likely suffer prejudice if this declaratory judgment action proceeds weighs heavily in favor of staying this litigation. The stay requested by Dr. Allen should be granted accordingly.

C. **The *Olympic Pipeline* Factors Analyzed in *Chaffee v. Keller Rohrback LLP* Clearly Weigh in Favor of a Stay Here.**

Commerce West cites to *Olympic Pipeline* and *Chaffee v. Keller Rohrback LLP*, 200 Wn. App. 66, 401 P.3d 418 (2017), in support of its argument that this Court should disregard any prejudice arising out of Dr. Allen's Fifth Amendment dilemma. The *Olympic Pipeline* factors are typically considered by courts faced with staying a civil action pending an underlying criminal case. *Chaffee*, 401 P.3d at 424. The *CMAX* factors are more relevant in analyzing the appropriateness of a stay in insurance coverage disputes involving underlying civil litigation.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS     Page 5

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Even if the court were to consider the *Olympic Pipeline* factors, however, those factors still weigh heavily in favor of a stay. The *Olympic Pipeline* factors include:

> the extent to which a party's right against self-incrimination is implicated in the civil proceedings, the similarities between the civil and criminal cases, the status of the criminal case, the plaintiffs' interests in expeditious litigation and potential prejudice, the burdens on the party asserting the privilege, the convenience and efficiency of the court, the interests of nonparties to the civil litigation, and the public interest in the civil and criminal litigation. *Id.*, citing *Olympic Pipe Line*, 104 Wn. App. 338, 352-53, 16 P.3d 45, 52-53 (2000).

The extent to which a party's right against self-incrimination is implicated in civil proceedings is afforded significant weight in the analysis. *Chaffee*, 401 P.3d at 425. The *Chaffee* court held that the *mere threat* of an indictment "weighs heavily in favor of a stay." *Id.* Here, Dr. Allen has been indicted, is awaiting trial, and has asserted his Fifth Amendment privilege, in the underlying criminal action.

The second, third, fifth, seventh and eighth *Olympic Pipeline* factors also weigh in favor of a stay. The *Chaffee* court held that, where the alleged conduct is the same in the civil complaint as it is in the criminal complaint, there is sufficient overlap in the issues to weigh "heavily in favor of a stay." *Id.* at 425. Both the underlying claims against Dr. Allen and the declaratory action involve the same alleged conduct. The *Chaffee* court further reasoned that, even in the absence of an indictment, where the criminal investigation is within six months of completion, that factor weighs in favor of a stay. *Id.* at 426. Dr. Allen's criminal trial is scheduled for April 2019. With regard to the fifth factor, the *Chaffee* court noted that the burden on a defendant in simultaneously litigating civil and criminal actions is also significant, and weighs in favor of a stay. *Id.*

In the case at issue, both the *CMAX* and *Olympic Pipeline* factors weigh heavily in favor of staying Commerce West's declaratory judgment action. Dr. Allen's Motion to Stay Proceedings should be granted accordingly.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS — Page 6

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

### III. CONCLUSION

Continuing with Commerce West's declaratory relief action would be inconsistent with Washington law and would significantly prejudice Dr. Allen in the two underlying actions. An insurer may not develop facts in a declaratory relief action that have not been uncontrovertibly established in separate proceedings. Granting Commerce West's motion for summary judgment would necessarily require findings of fact and conclusions of law that could be used against Dr. Allen in the underlying actions. Therefore, this Court should enter an order granting Defendant George S. Allen's Motion to Stay Proceedings.

DATED: January 4, 2019

MALONEY LAUERSDORF REINER, PC

By /s/ Andrew C. Lauersdorf
Andrew C. Lauersdorf, WSBA No. 35418
E-Mail: acl@mlrlegalteam.com

Attorneys for Defendant George S. Allen

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS    Page 7

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# CERTIFICATE OF SERVICE

On January 4, 2019, I served the foregoing DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS on the individuals listed below by CM/ECF Electronic Filing on said date and addressed as follows:

Douglas Oh-Keith
D'Amore Law Group, P.C.
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
    *Of Attorneys for Defendant Mary Roe*

Rory W. Leid, III
A. Elyse O'Neil
Cole | Wathen | Leid | Hall, P.C.
303 Battery Street
Seattle, WA 98121
    *Of Attorneys for Plaintiff*

MALONEY LAUERSDORF REINER, PC


By /s/ Andrew C. Lauersdorf
Andrew C. Lauersdorf, WSBA No. 35418
E-Mail: acl@mlrlegalteam.com

Attorneys for Defendant George S. Allen

CERTIFICATE OF SERVICE                    Page 1

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417