UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COMMERCE WEST INSURANCE COMPANY,

Plaintiff,

v.

GEORGE ALLEN, MARY ROE,

Defendants.

CASE NO. 18-5828 RJB

ORDER ON MOTION TO STAY AND MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant George Allen's ("Dr. Allen") Motion to Stay Proceedings (Dkt. 15) and Plaintiff Commerce West Insurance Company's ("Commerce West") Motion for Summary Judgment regarding Duty to Defend (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Commerce West filed this case, seeking declaratory relief and an order that it has no duty to defend or indemnify Dr. Allen under a homeowners insurance policy with respect to a complaint filed against Dr. Allen by Mary Roe ("Ms. Roe"): *Mary Roe v. George S. Allen, et. al.,* Circuit Court of Oregon for Multnomah County, Case No. 18CV23757, Second Amended

Complaint for Sexual Assault and Battery; Medical Negligence; Medical Battery; and Negligence (Dkt. 12-6). Dkts. 1; 12-6; 16. There is also a related criminal case pending against Dr. Allen, with trial set for April 23, 2019. *State of Oregon v. George Solomon Allen*, Circuit Court of Oregon for Washington County, Case No. 18CR40525 (see Dkt. 16).

Dr. Allen filed the pending Motion to Stay Proceedings until the related Oregon state court civil case and Oregon state court criminal case pending against Dr. Allen have both been fully adjudicated and resolved. Dkt. 15. For the reasons provided herein, Dr. Allen's Motion to Stay Proceedings (Dkt. 15) should be granted, in part, and denied, in part, and Commerce West's Motion for Summary Judgment (Dkt. 11) should be stricken, to be renoted, if appropriate, after the stay is lifted.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. POLICY AT ISSUE

Commerce West issued a homeowners insurance policy, number ACH3000582217, effective June 12, 2016, to June 12, 2017, to Dr. Allen for his residence at 908 S.E. 98th Ave., Vancouver, WA 98664 ("the policy"). Dkt. 12-1. The policy lists George Allen as the named insured and was issued in Washington. *Id.* The policy provides personal liability coverage up to $500,000 and personal umbrella liability coverage up to $1,000,000. Dkt. 12-1, at 2–3.

Ms. Roe, a patient of Dr. Allen, allegedly sustained injuries because of an incident involving Dr. Allen on or about July 21, 2016. Dkt. 12-6. This event culminated in the Oregon state court civil case and Oregon state court criminal case pending against Dr. Allen (the "underlying" cases). Dkts. 1; 16. Ms. Roe's civil complaint, in turn, led to Commerce West's complaint for declaratory relief against Dr. Allen and Ms. Roe. Dkt. 1. No findings here are intended to bind the parties in the underlying cases.

## B. CIVIL PROCEEDING IN OREGON STATE COURT

Following the alleged July 21, 2016, incident, on June 11, 2018, Ms. Roe filed the underlying civil case. Dkt. 12-2. In her second amended complaint, Ms. Roe filed six claims for relief, including four claims against Dr. Allen. Dkt. 12-6. Those four claims are as follows: (1) sexual assault and battery against Dr. Allen; (2) negligence against Dr. Allen individually in his personal capacity; (3) medical negligence against Dr. Allen in his professional capacity; and (4) medical battery against Dr. Allen. Dkt. 12-6, at 5–7. Additionally, Ms. Roe filed negligence claims against medical facilities associated with Dr. Allen, NU U Laser and North West Asthma. Dkt. 12-6, at 8–11.

On November 9, 2018, Dr. Allen filed a motion to abate in the underlying civil case until resolution of the criminal charges against him. *Mary Roe v. George S. Allen, et. al.,* Circuit Court of Oregon for Multnomah County, Case No. 18CV23757, Defendant George S. Allen's Motion to Abate (see Dkt. 16-1). In the motion to abate, Dr. Allen asserted that "he will have to invoke his state and federal constitutional right against self-incrimination in both the [Oregon] civil and criminal proceedings …. He has a reasonable apprehension that any statements he may make in this case may be used against him in the criminal case. He must invoke his rights against self-incrimination in this case and cannot respond in any substantive manner to questions in a deposition, to requests for admission, or to requests for production, for fear that doing so could 'provide a lead or clue' to incriminating him in the criminal case." Dkt. 16-1, at 3–5 (*quoting U.S. v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980), *cert. den.*, 447 U.S. 925 (1980)). Dr. Allen makes the same argument here. Dkt. 15, at 4.

Although Dr. Allen's motion to abate was denied, the court ordered that discovery and depositions may proceed only as to corporate defendants and witnesses—but not as to Dr. Allen,

until judgment has been entered by the trial court in the underlying criminal case. *Mary Roe v. George S. Allen, et. al.,* Circuit Court of Oregon for Multnomah County, Case No. 18CV23757, Order on Defendant Allen's Motion to Abate, at 3–4 (see Dkt. 30).

**C. CRIMINAL PROCEEDING IN OREGON STATE COURT**

In relation to the alleged incident on July 21, 2016, Oregon criminally indicted Dr. Allen on June 11, 2018; Dr. Allen was arraigned on June 22, 2018. The underlying criminal trial against Dr. Allen is scheduled to begin on April 23, 2019. Dkt. 16.

**D. PENDING MOTIONS**

1. <u>Motion to Stay</u>

On December 27, 2018, Dr. Allen filed a motion (Dkt. 15) and supporting declaration (Dkt. 16) to stay the insurance coverage action filed by Commerce West until the underlying Oregon state court civil case and Oregon state court criminal case pending against Dr. Allen have both been fully adjudicated and resolved. Dkts. 15; 16.

Commerce West filed a response to the motion to stay, Dkt. 27, and Dr. Allen filed a reply. Dkt. 29.

2. <u>Motion for Summary Judgment</u>

On November 28, 2018, Commerce West filed a motion (Dkt. 11) and supporting declaration (Dkt. 12) for summary judgment, seeking an order holding that, as a matter of law, (1) insurance coverage was not triggered by the underlying civil case against Dr. Allen, (2) Commerce West has no duty to defend Dr. Allen in the underlying civil case, and (3) Commerce West has no duty to indemnify Dr. Allen in the underlying civil case. Dkts. 11; 12. Nevertheless, Commerce West assigned defense counsel to Dr. Allen in the underlying civil case pursuant to a reservation of rights pending the outcome of this declaratory action. Dkt. 11, at 5.

Ms. Roe and Dr. Allen filed responses to the motion for summary judgment, Dkts. 19; 22, and Commerce West filed a reply. Dkt. 24.

**E. ORGANIZATION OF OPINION**

This opinion will first consider the motion to stay and then consider the motion for summary judgment.

### 3. DISCUSSION

**A. MOTION TO STAY**

At issue is whether to stay the instant case until both the underlying Oregon civil case and criminal case have been fully adjudicated and resolved.

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

When there is an independent proceeding related to a matter before a trial court, the Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983). For a stay to be appropriate, it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id.* However, a stay may be improper where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay is requested. *Lockyer*, 398 F.3d 1098 at 1113. In deciding whether to abstain, the Ninth Circuit instructs courts to consider "whether the declaratory action will settle all aspects of the controversy; whether the

declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether use of a declaratory action will result in entanglement between the federal and state court systems." *Gov't Employees Ins. Co. V. Dizol*, 133 F.3d 1220, 1225, n.5 (9th Cir. 1998). Additionally, indefinite stays are disfavored by courts. *Yong*, 208 F.3d at 1119.

In determining whether to issue a stay based upon the outcome of a case involving different litigants, a court must weigh three relevant interests: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

1. <u>Possible Damage That May Result from the Granting of a Stay</u>

First, if a stay is granted until judgment is entered in the underlying criminal case, the possible harm to Commerce West appears slight. The court in the underlying Oregon civil case has already prohibited discovery and depositions with respect to Dr. Allen "until such time as judgment has been entered by the trial court in the Washington County criminal case against defendant Allen." Dkt. 30, at 3–4. The trial date for the underlying criminal case is set to begin April 23, 2019. Dkt. 16. A stay in the instant case until judgment is entered in the underlying criminal case would not significantly change Commerce West's position. Dkt. 30. Additionally, in light of the April 23, 2019, trial date, a stay until judgment has been entered in the underlying criminal case would not be indefinite. *See Yong*, 208 F.3d at 1119. Moreover, given the factual relationship between the underlying criminal case and the instant case, a stay, which may allow

securing Dr. Allen's testimony, may be useful in clarifying the legal relations at issue. *See Gov't Employees Ins. Co.*, 133 F.3d at 1225, n.5. With respect to staying this case during the pendency of the underlying civil case, it is significantly more difficult to ascertain the burden to Commerce West because Commerce West is apparently paying the cost of that litigation under the reservation of rights. Dkt. 11, at 5.

### 2. Hardship or Inequity

Second, without a stay, Dr. Allen may face significant additional hardship in that there is a significant extent to which Dr. Allen's Fifth Amendment rights are implicated. *See* § 1(B), *supra*.

### 3. Orderly Course of Justice

Third, a stay would not prejudice the orderly course of justice. Indeed, similar to the analysis in the first factor above, a stay until judgment is entered in the underlying criminal case may simplify issues, proof, and questions of law in the instant case. *Gov't Employees Ins. Co.*, 133 F.3d at 1225, n.5.

### 4. Conclusion

The weight of the factors considered above suggests that a stay is appropriate. Therefore, a stay until judgment is entered in the underlying criminal case should be granted. However, because of the possibility of ongoing civil litigation and additional uncertainty, a stay until resolution of the underlying civil case should not be granted.

Note also that this opinion does not utilize the *Pipe Line* eight-factor rule discussed in Commerce West's Response to the Motion to Stay (Dkt. 27) because this is not a parallel civil action; rather, it is a related civil action resolving an insurance coverage dispute. *See King v. Olympic Pipe Line*, 104 Wn. App. 338, 352, 16 P.3d 45, 52 (2000); *see also* Dkt. 29, at 5.

The Court notes that no affidavit or declaration from Dr. Allen has been filed in accord with Fed. R. Civ. P. 56(d). Nevertheless, under the circumstances here, the Court will accept counsel's statements regarding the availability of Dr. Allen's testimony.

The Parties should submit a joint status report within two weeks of the entry of judgment in the underlying criminal case.

### B. MOTION FOR SUMMARY JUDGMENT

As discussed above, the Court should now exercise its discretion to stay until judgment is entered on the underlying criminal case. The Motion for Summary Judgment should be stricken from the Court's calendar to be renoted, if appropriate, after the stay is lifted.

### 5. <u>ORDER</u>

Therefore, it is hereby **ORDERED** that:

- Defendant George Allen's Motion to Stay (Dkt. 15) **IS:**
    - **GRANTED** as follows: this case is **STAYED** until judgment is entered in the underlying criminal case;
        - The Parties shall submit a joint status report within two weeks of the entry of judgment in the underlying criminal case;
    - **DENIED WITHOUT PREJUDICE** as to a stay of proceedings until adjudication and resolution of the underlying civil case.
- Plaintiff Commerce West's Motion for Summary Judgment (Dkt. 11) **IS:**
    - **STRICKEN,** to be renoted, if appropriate, after the stay is lifted.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of January, 2019.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge