UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMERCE WEST INSURANCE COMPANY,<br><br>                     Plaintiff,<br>   v.<br><br>GEORGE ALLEN, MARY ROE,<br><br>                     Defendants. | CASE NO. 18-5828 RJB<br><br>ORDER ON COMMERCE WEST INSURANCE COMPANY'S MOTION TO LIFT STAY ENTERED AT ECF 32 |

This matter comes before the Court on Plaintiff's Motion to Lift Stay Entered at ECF 32 ("Motion to Lift Stay"). Dkt. 33. The Court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion.

For the reasons stated below, the Motion to Lift Stay (Dkt. 33) should be denied.

**I.    BACKGROUND**

On October 11, 2018, Plaintiff Commerce West Insurance Company ("Commerce West") filed a complaint in this case seeking declaratory relief and an order that it has no duty to defend or indemnify Defendant George Allen ("Dr. Allen") under a homeowners insurance policy with

ORDER ON COMMERCE WEST INSURANCE COMPANY'S MOTION TO LIFT STAY ENTERED AT ECF 32 - 1

respect to the claims of Defendant Mary Roe ("Ms. Roe") in the underlying civil case against Dr. Allen. *Mary Roe v. George S. Allen, et. al.,* Circuit Court of Oregon for Multnomah County, Case No. 18CV23757, Second Amended Complaint for Sexual Assault and Battery; Medical Negligence; Medical Battery; and Negligence. Dkts. 1; 12-6; and 16. There is also an underlying criminal case pending against Dr. Allen. *State of Oregon v. George Solomon Allen,* Circuit Court of Oregon for Washington County, Case No. 18CR40525; Dkt. 16.

In the instant case, on November 28, 2018, Commerce West filed a motion for summary judgment. Dkt. 11. On December 17, 2018, Dr. Allen filed a motion to stay proceedings until resolution of the underlying civil and criminal cases. Dkt. 15.

The Court granted, in part, and denied, in part, Dr. Allen's motion to stay proceedings. Dkt. 32. The Court held that a stay until judgment is entered in the underlying criminal case should be granted, and that a stay until resolution of the underlying civil case should not be granted. Dkt. 32. Additionally, the Court held that Commerce West's motion for summary judgment should be stricken, to be renoted, if appropriate, after the stay is lifted. Dkt. 32.

On March 28, 2019, Commerce West filed the Motion to Lift Stay. Dkt. 33. Commerce West argues that the stay should be lifted because of three changes in circumstances:

1. The court in the underlying criminal case granted a motion to continue filed by Dr. Allen, rescheduling the trial date from April 23, 2019, to July 9, 2019; the order also notes that "**NO FURTHER CONTINUANCES**" are permitted. Dkt. 34-3 (emphasis in original).

2. On February 14, counsel for Ms. Roe mailed an allegedly time-limited demand letter to Commerce West "mak[ing] a clear and unequivocal demand for [a redacted amount of money] under Dr. Allen's Commerce West homeowner's insurance

policy" "in connection with injuries she sustained as the result of an incident involving Dr. George Allen on July 21, 2016." Dkt. 34-4.

3. Two additional civil lawsuits have been filed against Dr. Allen, for which Commerce West is now, under a reservation of rights, defending Dr. Allen. Dkt. 33, at 2–3; *Gregory v. Allen and NU U Laser Centers, PLLC,* Circuit Court of Oregon for Multnomah County, Case No. 18CV45179, First Amended Complaint (alleging Negligence, Medical Negligence, and Assault & Battery) (Dkt. 34-5); *Okel v. Allen; NU U Laser Centers, PLLC; Northwest Asthma Allergy Center, P.C.; and George Allen Living Trust,* Circuit Court of Oregon for Multnomah County, Case No. 19CV04712, Complaint (alleging Abuse of a Vulnerable Person, Battery, Assault, Negligence, Intentional Infliction of Emotional Distress, and Fraudulent Conveyance) (Dkt. 34-6).

Commerce West maintains that Dr. Allen's homeowners insurance policy "in no way covers the alleged sexual assaults or his alleged medical malpractice." Dkt. 33, at 3. Commerce West argues that "Defendants Allen and Roe are taking advantage of this Court's issuance of a stay …. The Continued stay in the instant matter should be lifted because the stay is prejudicing Commerce West." Dkt. 33, at 1. Commerce West also reiterates that the Court should have applied the *Pipeline* factors in its Order on Motion to Stay and Motion for Summary Judgment (Dkt. 32).

Defendants argue that the changes in circumstances described above do not warrant lifting the stay and that the Motion to Lift Stay amounts to a belated and untimely motion for reconsideration that should be denied. Dkts. 36; and 37.

First, this opinion discusses Defendants' argument that the Motion to Lift Stay amounts to an untimely motion for reconsideration. Second, it discusses the Motion to Lift Stay on the merits. Third, the Court briefly discusses the applicability of the *Pipeline* factors. Finally, the Court presents its conclusions and issues its order on the Motion to Lift Stay.

## II. DISCUSSION

### A. MOTION FOR RECONSIDERATION?

> **[LCR 7](h) Motions for Reconsideration**
> (1) *Standard.* Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.
>
> (2) *Procedure and Timing.* A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within fourteen days after the order to which it relates is filed. The motion shall be noted for consideration for the day it is filed. The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. Failure to comply with this subsection may be grounds for denial of the motion. The pendency of a motion for reconsideration shall not stay discovery or any other procedure.
>
> (3) *Response.* No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request. The request will set a time when the response is due, and may limit briefing to particular issues or points raised by the motion, may authorize a reply, and may prescribe page limitations.

LCR 7(h).

Defendants argue that Commerce West's Motion to Lift Stay amounts to an untimely motion for reconsideration. "The Court entered its order on the stay on January 15, 2019. Any motion for reconsideration was due by January 29, 2019. Plaintiff does not explain why it waited until March 28, 2019—nearly two months after the deadline—to file its motion." Dkt. 37, at 6.

ORDER ON COMMERCE WEST INSURANCE COMPANY'S MOTION TO LIFT STAY ENTERED AT ECF 32 - 4

To the extent that Commerce West's Motion to Lift Stay is based on the three changes in circumstances above, the Court disagrees with Defendants that the Motion to Lift Stay amounts to a motion for reconsideration. The three changes in circumstances described above are relevant considerations that the Court should consider with respect to the stay on proceedings ordered by the Court in Dkt. 32.

## B. MOTION TO LIFT STAY

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

When there is an independent proceeding related to a matter before a trial court, the Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983). For a stay to be appropriate, it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id.* However, a stay may be improper where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay is requested. *Lockyer*, 398 F.3d 1098 at 1113. In deciding whether to abstain, the Ninth Circuit instructs courts to consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether use of a declaratory action will result in entanglement between the federal and state court systems." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220,

1225, n.5 (9th Cir. 1998). Indefinite stays are disfavored by courts. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

In determining whether to issue a stay based upon the outcome of a case involving different litigants, a court must weigh three relevant interests: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court notes that it does not repeat its discussion of these factors from its Order on Motion to Stay and Motion for Summary Judgment (Dkt. 32). Below, the Court considers and incorporates into that discussion the three changes in circumstances described above: first, the continuance of the underlying criminal case; second, Ms. Roe's allegedly time-limited demand letter; and, third, the two additional civil lawsuits filed against Dr. Allen.

1. <u>Possible Damage That May Result from the Granting of a Stay</u>

    a. *Underlying Criminal Case Continuance*

Commerce West appears to make two primary arguments related to damage that may result from the granting of a stay and that may be exacerbated by the continuance granted in the underlying criminal case: (1) irreparable damage and prejudice to Commerce West; and (2) the possibility of indefinite continuances. *See* Dkts. 33; and 39.

    i. Irreparable Damage and Prejudice to Commerce West

Commerce West argues that it has suffered irreparable damage and prejudice. Dkt. 33. "It is undisputed that Commerce West has continued to incur costs associated with the underlying

civil matter, as there is only a partial abatement in place with respect to Defendant Allen, and not with respect to the clinic entity defendants." Dkt. 33, at 5.

However, with respect to the underlying civil case, Commerce West has shown that it is defending, pursuant to a reservation of rights, Dr. Allen only—not the clinic entity defendants. In its order granting the stay, the Court noted, "if a stay is granted until judgment is entered in the underlying criminal case, the possible harm to Commerce West appears slight …. A stay in the instant case would not significantly change Commerce West's position." Dkt. 32, at 6. This appears to still be the case.

Commerce West has only vaguely described the damages and costs it may or may not have incurred defending Dr. Allen. Commerce West wrote, partially in a footnote, "Allen cannot possibly dispute that Commerce West has expended resources in defending him against the three civil actions.[] Should the Court request evidence to support the same, Commerce West requests the opportunity to submit a declaration establishing the costs associated therewith." Dkt. 39, at 5 n.4.

The Court is aware that proceeding under a reservation of rights can be expensive to an insurer.

ii. Possibility of Indefinite Continuances

Commerce West argues that a "continuance may very well be indefinite." Dkt. 39, at 4. Commerce West argues "that the discovery received includes more than a dozen uncharged other bad act accusers." Dkt. 39, at 4; *see also* Dkt. 34-2, at 2. Commerce West appears to suggest that there is a "likelihood [Dr. Allen] will seek additional continuances." Dkt. 39, at 4.

Commerce West's argument is speculative. The underlying criminal case apparently has a trial date scheduled for July 9, 2019, with no further continuances permitted. Dkt. 34-3.

Additionally, in an affidavit filed in support of the motion to continue the criminal case trial date, Stephen A. Houze, an attorney with the office representing Dr. Allen, stated, in part: "Trial on the proposed dates would bring this matter to conclusion within approximately 12 months from arraignment.[] I have conferred with Senior Deputy District Attorney Megan Johnson, and we anticipate the trial in this matter lasting two weeks." Dkt. 34-2, at 2.

In any case, the Court can (and does, below) order the Parties to report intermittently to safeguard against any chance of indefinite delay.

### b. Ms. Roe's Allegedly Time-limited Demand Letter

Commerce West asserts that, "in an attempt to take advantage of the procedural posture, Counsel for Defendant Roe sent a time limited demand to Commerce West, seeking payment of monies under the policy, before the criminal matter was set for trial and before the stay in this matter would be lifted or the issue of coverage could in anyway [*sic*] be resolved." Dkt. 33, at 2.

To the extent that Commerce West argues that Ms. Roe's alleged conduct was improper, the Court disagrees. Commerce West is free to make counteroffers or reject Ms. Roe's demand letter, and it has apparently done so. *See* Dkt. 36, at 5.

### c. Two Additional Civil Lawsuits

The additional civil lawsuits against Dr. Allen are not before the Court and are irrelevant to its decision here. The issue before the Court is whether insurance coverage exists under the policy between Commerce West and Dr. Allen for claims made in the underlying civil case—not the two additional civil cases filed against Dr. Allen.

2. <u>The Hardship or Inequity that a Party May Suffer if Required to Go Forward</u>

Nothing about the changes in circumstances described above affects the Court's analysis of this factor.

3. <u>The Orderly Course of Justice Measured in Terms of the Simplifying or Complicating of Issues, Proof, and Questions of Law that Could be Expected from a Stay</u>

Nothing about the changes in circumstances described above affects the Court's analysis of this factor.

4. <u>Conclusion</u>

The factors considered above and in the Court's Order on Motion to Stay and Motion for Summary Judgment (Dkt. 32) still weigh in favor of staying the case until judgment is entered in the underlying criminal case.

**C. *PIPELINE* FACTORS?**

Commerce West reiterates:

> In Washington, the appropriateness of a civil stay for pending criminal proceedings is determined using the *Olympic Pipeline* factors. *Chaffee* [*v. Keller Rohrback*], 200 Wn. App. [66,] 78. The Court previously indicated *Pipeline* is not applicable, as the instant matter is not a parallel case to the criminal matter. However, Defendant Allen is making the same arguments in this matter as he made with respect to the civil matter—as such, *Pipeline* is applicable, and the factors therein, as previously briefed, do not favor a stay.
>
> The eight factors add two additional considerations: a) the similarities between the civil and criminal cases; and b) the status of the criminal case. *Id.* In the instant matter, the factors overwhelmingly indicate that a stay is not appropriate.

Dkt. 33, at 8–9.

The Court notes that it has not invited reconsideration or further discussion of the applicability of the *Pipeline* factors in this case. Nevertheless, in the interest of hopefully laying the issue to rest, the Court observes that, here, analysis of the *Pipeline* factors leads to the same conclusion as analysis of the *CMAX* factors.

The Court maintains that the *CMAX* factors discussed above are appropriate to this case and that the *Pipeline* factors are inapplicable because the underlying criminal case is not a parallel case.

**D. CONCLUSION**

The Court should deny Commerce West's Motion to Lift Stay (Dkt. 33). The Parties should submit a joint status report to the Court within two weeks of the entry of judgment in the underlying criminal case, but no later than August 1, 2019.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Commerce West's Motion to Lift Stay (Dkt. 33) is **DENIED; and**
- The Parties shall submit a joint status report to the Court within two weeks of the entry of judgment in the underlying criminal case, but no later than August 1, 2019.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of April, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge