UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMERCE WEST INSURANCE COMPANY,<br><br>                                    Plaintiff,<br><br>          v.<br><br>GEORGE S. ALLEN, an individual in his personal capacity; and MARY ROE, an individual,<br><br>                                    Defendants. | CASE NO. 3:18-cv-05828-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Commerce West Insurance Company's Motion for Summary Judgment. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remaining file herein.

This is an insurance coverage dispute brought by Commerce West Insurance Company against George S. Allen, the insured, and Mary Roe, an alleged victim of a sexual assault by Allen. Roe brought a civil action against Allen in Oregon state court alleging that he sexually assaulted her when she came to him for medical-cosmetic treatments. In the underlying action,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

Roe brings various causes of action, including negligence against Allen in his personal capacity. Dkt. 12-6. The question in this matter is whether the Policy might provide coverage for Plaintiff's negligence claim despite exclusions for injuries arising out of the insured's intentional acts, sexual molestation, and professional services.

For the reasons set forth in this order, Plaintiff's motion should be granted.

## I.   BACKGROUND

### A.   RELEVANT FACTS AND PROCEDURAL HISTORY

On or about June 12, 2016, Commerce West entered into a homeowners insurance contract with Dr. George Allen, numbered ACH3000582217 (the Policy). Dkts. 1 and 12-1. The Policy provides both personal liability coverage and a personal umbrella liability endorsement. *Id.*

On June 21, 2016, Mary Roe went to Allen, a medical doctor, for a facial, microderm abrasion, and medical cosmetic laser procedures during which time he allegedly inappropriately touched her breasts and genitalia. Dkt. 12-6. Roe filed an underlying civil action against Allen, Nu U Laser Centers, PLLC, and Northwest Asthma Allergy Center, P.C. in Multnomah County Circuit Court, *Mary Roe v. George S. Allen, Nu U Laser Centers, PLLC, and Northwest Asthma Allergy Center, P.C.*, Case No. 18CV23757. Dkt. 12-6. She claims that the clinics failed to notify her about prior complaints of sexual abuse and molestation by Allen and failed to monitor him, and she brings claims against Allen for sexual assault and battery, medical battery, negligence, medical negligence. Dkt. 22. In her negligence claim, she alleges that Allen "was acting in his individual and/or personal capacity and not as a medical professional or employee of Defendant Nu U Laser and Defendant North West Asthma." Dkt. 12-6 at 6.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

Commerce West filed the pending motion for summary judgment on November 11, 2018. On December 17, 2018, Allen filed a motion to stay proceedings pending resolution of state court matters. Dkt. 15. On January 15, 2019, the Court stayed this case pending resolution of state criminal charges against him. Dkt. 32. On January 20, 2022, the Parties notified the Court that the criminal matter had been resolved after Allen pled guilty to sexually assaulting five women. Dkt. 78-1. All criminal allegations involving Ms. Roe were previously dismissed, and she was not considered a party to the criminal matter. *Id.*

On February 7, 2022, the Court lifted the stay and permitted the Parties to file limited supplemental briefing on the motion for summary judgment, which was fully briefed over three years ago after Commerce West filed the motion. The Parties have all supplemented their briefing and this matter is now ripe for consideration.

**B.  THE POLICY**

The Policy provides the following personal liability coverage:

> LIABILITY COVERAGES – PRINCIPAL COVERAGES – LIABILITY AND MEDICAL PAYMENTS TO OTHERS
>
> Coverage L – Personal Liability – "We" pay up to "our" limit", all sums for which an "insured" is liable by law because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies. "We" will defend a suit seeking damages if the suit resulted from "bodily injury" or "property damage" not excluded under this coverage. . . .

Dkt. 12-1 at 23.

> "Bodily injury" means bodily harm to a person and includes sickness, disease, or death. This also includes required care and loss of services.
>
> "Bodily Injury" does not mean bodily harm, sickness, disease, or death that arises out of:
> …
> b. the actual, alleged, or threatened sexual molestation of a person; . . .

*Id.* at 10.

The Policy also includes relevant exclusions:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

EXCLUSIONS THAT APPLY TO LIABILIY COVERAGES

"We" will not pay for "bodily injury" or "property damage" which results from any of the following excluded "occurrences". "Bodily injury" or "property damage" will be considered to have been caused by an excluded "occurrence" if that "occurrence" directly and solely results in "bodily injury" or "property damage", or initiates a sequence of events that results in "bodily injury" or "property damage", regardless of the nature of any intermediate or final event in that sequence.

…

f. **"bodily injury" or "property damage" that results from the rendering of or the failing to render a professional service**.

g. **"bodily injury" or "property damage" resulting from activities related to the "business" of an "insured", except as provided by Incidental Business Coverage**.

…

i. "bodily injury" or "property damage":
    1) which is expected by, directed by, or intended by an "insured";
    2) that is the result of a criminal act of an "insured", or
    3) **that is the result of an intentional and malicious act by or at the direction of an "insured"**.

This exclusion applies even if:

1) The "bodily injury" or "property damage" that occurs is different than what was expected by, directed by, or intended by the "insured", or
2) The "bodily injury" or "property damage" is suffered by someone other than the person or persons expected by, directed by, or intended by the "insured".

*Id.* at 27–28 (bold added).

**C. PENDING MOTION**

In the pending motion, Plaintiff Commerce West moves for summary judgment, arguing that no coverage exists for Defendant Allen under the Policy and that it has no duty to defend or indemnify him. Dkt. 11. Both Defendants Allen and Roe oppose the motion on the grounds that coverage conceivably exists for allegations made in the underlying lawsuit. Dkts. 19, 22, 87, and 88. In addition, Roe argues that the motion is premature and the Court should not consider it until the Parties have time to conduct discovery. Dkts. 19 and 88.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254; *T.W. Elect.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at

1  255).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"

2  will not be "presumed."  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

3        **B.  DUTIES TO DEFEND AND INDEMNIFY**

4        Plaintiff's motion for summary judgment should be granted because the Policy clearly

5  and unambiguously excludes coverage for the underlying claims.

6        Jurisdiction in this case is based on diversity of citizenship, so Washington state

7  substantive law applies. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

8  Under Washington law, an insurer has a duty to defend its insured "when a complaint against the

9  insured, construed liberally, alleges facts which could, if proven, impose liability upon the

10  insured within the policy's coverage." *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52–53

11  (2007).  In other words, the duty to defend is based on the potential for liability coverage, and the

12  duty exists "if the insurance policy *conceivably covers* the allegations in the complaint." *Id.* at

13  53. The duty to indemnify is narrower. *Id.* It "exists only if the policy *actually covers* the

14  insured's liability." *Id.*

15        An insurance policy, like a contract, must be "construed as a whole, with the policy being

16  given a 'fair, reasonable, and sensible construction as would be given to the contract by the

17  average person purchasing insurance.'" *Panorama Village Condo. Owners Ass'n v. Allstate Ins.*

18  *Co.*, 144 Wd.2d 130, 137 (2001) (quoting *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wn.2d

19  654, 665–66 (2000)). Courts must enforce a policy as written, with any ambiguities being

20  construed in favor of the insured. *Id.*

21        The Policy's plain language excludes coverage for injuries arising out of the insured's

22  intentional acts, sexual molestation, and professional or business pursuits. *See supra*, at 3–4. In

23  the underlying complaint, Ms. Roe alleges that Allen inappropriately touched her breasts and

24

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

genitalia while she sought a facial, microderm abrasion, and medical cosmetic laser procedure to her face. Dkt. 12-6. The Policy does not define sexual molestation, but its definition is not ambiguous in this case. An average person purchasing insurance would know that Ms. Roe's allegations, inappropriately sexual touching of her breasts and genitalia, meet the definition of sexual molestation as it is commonly understood. Indeed, Black's Law Dictionary definition of molestation is "[t]he act of making unwanted and indecent advances to or on someone, esp. for sexual gratification <sexual molestation>." BLACK'S LAW DICTIONARY (11th ed. 2019).

Roe argues the sexual molestation exclusion does not necessarily preclude coverage because it requires determining Allen's intent. Dkt. 88 at 6. This argument is unavailing. First, the definition of sexual molestation does not depend on intent but rather whether advances are "unwanted" or "indecent."[1] *See Molest*, BLACK'S LAW DICTIONARY. Furthermore, it is not dispositive because the intentional acts and the business pursuits exclusions would bar coverage even without the sexual molestation exclusion.

Roe's claims of sexual assault and battery and of medical battery are for intentional torts, coverage for which would be excluded by the intentional act exclusion. *See Lewis v. Dirt Sports LLC*, 259 F.Supp.3d 1039, 1046 (D. Az. 2017) (quoting 8 Am. Law of Torts § 26.1). The Parties appear to agree that the Policy would not cover medical negligence because of the business/professional service exclusion. They dispute whether the Policy might cover her negligence claim, which she brings against Allen in his personal capacity. Dkt. 12-6.

---

[1] The Parties also discuss whether there must generally be a showing of the insured's subjective intent to harm for coverage to be excluded in a sexual abuse case. *See* Dkts. 11 at 8 and 88 at 6. The cited cases, however, discuss insurance policies excluding coverage for intentional acts. Thus, they are not relevant to the Court's consideration of a sexual molestation specific exclusion. *See Rodriguez v. Williams*, 107 Wn.2d 381, 382–83 (1986) (discussing whether provision excluding coverage for an act "expected or intended by the insured . . . to cause serious bodily injury" excludes coverage for incestual sexual intercourse); *Standard Fire Ins. Co. v. Blakeslee*, 54 Wn. App. 1, 4–5 (1989).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

According to Roe's underlying complaint, she sought medical-cosmetic procedures from Allen, procedures that were part of his professional practice. *Id.* Assuming her allegations are true, Allen either intentionally deviated from that practice by touching her inappropriately or acted negligently in rendering his professional service. If he acted intentionally, coverage would be excluded by the intentional act exclusion. If he acted negligently, coverage would be excluded by the business/professional service exclusion because his negligence would be an act within the scope of providing his professional service. The Policy does not provide coverage either way.

In sum, all of Ms. Roe's claims in the underlying complaint would be excluded by the sexual molestation exclusion, even her negligence claim against Allen in his personal capacity, because they all arise out of the allegation that Allen touched her in an inappropriately sexual way. All claims would also be excluded by either the intentional acts or the business/professional service exclusions. Therefore, Commerce West does not have a duty to defend or indemnify Allen in the underlying matter because the Policy does not provide any possible coverage should Ms. Roe succeed on any of her claims.

### C. DEFERRAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Roe argues that the pending motion for summary judgment is premature and requests additional time to conduct discovery.

Under Federal Rule of Civil Procedure 56(d), a court may defer or deny considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. A "continuance of a motion for summary judgment for purposes of conducting discovery should be granted almost as a matter of course . . ." *Burlington N. Santa Fe R.R. v. The Assiniboine & Sioux Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003).

According to Roe, discovery is necessary to resolve ambiguities in the Policy terms. Dkt. 88 at 3–4. The Policy, however, is not ambiguous, so discovery is not necessary to resolve its terms and summary judgment is appropriate at this time.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff Commerce West's Motion for Summary Judgment (Dkt. 11) **IS GRANTED**;
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of March, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge